IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STACEY FITZGERALD and BRIAN THORNTON, | Case No. 6:14-cv-00497-AA<br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

R. Scott Taylor
Brandon G. Braun
Clinton L. Tapper
Nickolaus N. Gower
Taylor & Tapper
400 East 2nd Ave., Ste. 103
Eugene, OR 97401
    Attorneys for Plaintiffs

Ryan J. Hall
Cole Wathen Leid & Hall, PC
303 Battery Street
Seattle, WA 98121
    Attorney for Defendant

PAGE 1 - OPINION AND ORDER

AIKEN, Judge:

This is an insurance dispute related to fire damage to the personal property of plaintiffs Stacy Fitzgerald and Brian Thornton. In October 2015, this Court granted in part plaintiffs' motion for summary judgment and awarded plaintiffs $13,097.02 in damages. *Fitzgerald v. Am. Fam. Mut. Ins. Co.*, 2015 WL 5896139, *5 (D. Or. Oct. 6, 2015) ("October 2015 Opinion and Order").

In the October 2015 Opinion and Order, this Court determined one claim could not be resolved at the summary judgment stage. *Id.* The parties subsequently reached a settlement agreement, pursuant to which defendant agreed to pay plaintiffs an additional $35,000 to resolve the remaining claim. Plaintiffs now move for an order awarding attorney fees, costs, and prejudgment interest. For the reasons set forth below, plaintiffs' motions are granted in part and denied in part, and plaintiffs are awarded $61,786.35 in attorney fees; $2,858.70 in costs; and $2,854.79 in prejudgment interest.

## STANDARDS

In diversity cases, federal courts apply state law to determine whether to award attorney fees. *See In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir. 2001) (citing *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992)). Plaintiffs seek fees pursuant to Or. Rev. Stat. § 742.061, which provides

> [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the cost of the action and any appeal thereon.

PAGE 2 - OPINION AND ORDER

Or. Rev. Stat. § 742.061(1). In the October 2015 Opinion and Order, this Court determined plaintiffs met the requirements of section 742.061. *Fitzgerald*, 2015 WL 5896139 at *3-4. Plaintiffs are entitled to a fee award. The only question is what amount is "reasonable" in this case. *See* Or. Rev. Stat. § 742.061(1).

In determining the size of a fee award under section 742.061, courts must consider the factors listed in Or. Rev. Stat. § 20.075. *Jones v. Nava*, 331 P.3d 1067, 1071 (Or. Ct. App. 2014). Section 20.075 provides

> (1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
>
> > (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> >
> > (b) The objective reasonableness of the claims and defenses asserted by the parties.
> >
> > (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> >
> > (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> >
> > (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> >
> > (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> >
> > (g) The amount that the court has awarded as a prevailing party fee under [Or. Rev. Stat. §] 20.190.
> >
> > (h) Such other factors as the court may consider appropriate under the circumstances of the case.

PAGE 3 - OPINION AND ORDER

(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075. Reasonableness, rather than any "particular formula," is "the lodestar for an award of attorney fees to an insured who prevails in a policy claim against his or her insurer. *Country Mut. Ins. Co. v. White*, 157 P.3d 1212, 1217 (Or. Ct. App. 2007).

## DISCUSSION

I.   *Attorney Fees*

In their initial motion, plaintiffs requested $110,073.62 in attorney fees. Pl.'s Mot. Atty Fees 19. In their reply in further support of that motion, plaintiffs reduced their fees request to $106,146.40. Pl's Reply Mot. Atty Fees 21. Plaintiffs filed a supplemental request for an additional $6,096.25 in attorney fees, which they later reduced to $6,043.75. Pl's Supp. Mot. Atty Fees 1. Accordingly, plaintiffs seek total attorney fees of $112,190.15. Defendants contend plaintiffs should be awarded no more than $22,412.25. D.'s Resp. Mot. Atty Fees 26; D.'s Resp. Supp. Mot. Atty Fees 9.

A.   *Subsection 20.075(1) Factors*

The subsection (1) factors focus on the conduct of the parties and their attorneys throughout the litigation, particularly on attempts to reach settlement. Both parties accuse the other of failing to act in good faith. For example, plaintiffs fault defendant for applying a depreciation rate in excess of the industry standard in appraising plaintiffs' losses, while defendant asserts plaintiffs withheld documentation of losses rather than turning it over promptly to defendant. However, the record also demonstrates both parties made efforts to settle, first by reaching an agreement regarding what issues would be settled through appraisal and dispositive motions, and then by negotiating a second agreement rather than going to trial. I decline to find either party acted in bad faith or in an objectively unreasonable manner. Accordingly, the fee award is not adjusted in favor of either party based on the subsection (1) factors. *See Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1242 (D. Or. 2013) (no subsection (1) fee adjustment even though "each of the parties engaged in conduct or took positions that needlessly prolonged" the dispute).

B.  *Subsection 20.075(2) Factors*

The subsection (2) factors bear on three broad inquiries. First, the court must determine if the billed hourly rates are reasonable. *See Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002) (nearly all subsection (2) factors relevant to reasonableness of rates). Second, the court must determine if the time expended on the litigation was reasonable. *See* Or. Rev. Stat. § 20.075 (a). Third, a reduced fee may be awarded if the party seeking fees achieved only partial success. *See id.* § 20.075(d).

As a threshold matter, it is necessary to determine what constitutes plaintiffs' "recovery" under section 742.061. Defendant argues only the $13,097.02 money judgment is part of plaintiffs' recovery, because the remaining $35,000 was paid as a settlement rather than pursuant to the October 2015 Opinion and Order. Plaintiffs, by contrast, contend both the settlement and the money judgment are part of their recovery. I agree with plaintiffs. First, defendant expressly agreed plaintiffs could "represent to the court [the $35,000] was the amount settled upon by the parties as *recovery* on contents." Doc. 62-1 at 1 (emphasis added). Second, defendant has pointed to no evidence the Oregon Legislature intended to exclude amounts reached through settlement from the scope of section 742.061. Plaintiffs' recovery is $48,097.02.

1.  *Hourly Rates*

The benchmark for assessing the reasonableness of an attorney's hourly rate is the Oregon State Bar Economic Survey ("Survey").[1] *Precision Seed*, 976 F. Supp. 2d at 1244. Specialized experience and novel or complex issues may support a higher hourly rate. *Tanner v. Or. Health Scis.*

---

[1] The most recent Survey was published in 2012 and is available at www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

PAGE 6 - OPINION AND ORDER

*Univ.*, 980 P.2d 186, 189-90 (Or. Ct. App. 1999). The relevant geographical location for this case is Eugene, which is part of the Lower Valley Survey region. *Scruggs v. Josephine Cnty.*, 2009 WL 650626, *4 (D. Or. Mar. 10, 2009). The median hourly rate for all attorneys in the Lower Valley is $225, and the 75th percentile rate is $250. The median hourly rate for plaintiff-cite civil litigators in the Lower Valley is $225, and the 75th percentile is $275. This suggests the Survey may justify slightly higher rates than the Lower Valley figures suggest for plaintiff-side civil litigators with more experience or special expertise.

Plaintiffs request an hourly rate of $175 for attorney Nickolaus Gower. Gower has been practicing law for one year, with two years of relevant law clerk experience before that. This case has been litigated over the course of two years, which means Gower was a new attorney when he began work on the case. The median Lower Valley Survey rate for attorneys with zero to three years' experience is $150, and the 75th percentile rate is $169. Gower's law clerk experience reasonably justifies a higher rate than otherwise might be billed for a new attorney, but it does not justify a billing rate above the 75th percentile. Further, this case was not especially novel or complex and so a higher than usual rate is not justified on those grounds. Gower's hourly rate is reduced to $150, the median rate for attorneys in his experience range.

Plaintiffs request an hourly rate of $175, with a mid-litigation increase to $190, for attorney Brandon Braun. Braun has been practicing law for two years, which means he too began work on this case as a new attorney. As explained above, both $175 and $190 are higher than the 75th percentile rate for lawyers in Braun's range of experience. Moreover, Braun's rate was increased to $190 when he had approximately one year of practice experience. These high-end rates are not justified. Braun's hourly rate is reduced to $160.

PAGE 7 - OPINION AND ORDER

Plaintiffs request an hourly rate of $225, with a mid-litigation increase to $250, for attorney Clinton Tapper. Tapper has been practicing law for seven years, so his earlier work on this case falls into the four-to-six-year experience bracket and his later work falls into the seven-to-nine year experience bracket. The median Lower Valley Survey rate in the four-to-six year bracket is $183 per hour, and the 75th percentile rate is $196 per hour. Lower Valley Survey rates are unavailable in the seven-to-nine year bracket, but the Statewide Survey median in that bracket is $225, and the 75th percentile rate is $270. In light of the fact Tapper has practiced first-party insurance law for six of his seven years of practice, I find his requested rates reasonable.

Plaintiffs request an hourly rate of $350 for attorney R. Scott Taylor. Taylor has been practicing law for forty years, twelve of them in first-party insurance. The Lower Valley Survey median rate for lawyers with more than thirty years' experience is $250, the 75th percentile is $278, and the 95th percentile is $487. In light of Taylor's length of experience, specialization, and the fact Lower Valley rates may understate market rates for plaintiff-side civil litigators with higher experience/specialization levels, I find his requested rate reasonable.

Plaintiffs request an hourly rate of $60 for paralegals Missy Tapper and Brenda Taylor. Defendant does not challenge this hourly rate and I find it reasonable.

    2.    *Time Expended*

Defendant challenged dozens of plaintiffs' billed entries as redundant. "When attorneys hold a telephone or personal conference, good billing judgment mandates that only one attorney should bill that conference to the client, not both attorneys." *Precision Seed*, 976 F. Supp. 2d at 1252 (citations and quotation marks omitted) (alterations normalized). In their reply brief in support of the initial motion for fees, plaintiffs acknowledged they had double- and even triple-billed a number

PAGE 8 - OPINION AND ORDER

of conferences. They conceded their fee request should be reduced by 14.93 hours to account for this overbilling. The Court accepts that concession and reduce the fee award accordingly. The Court also conducted a line-by-line review of the dozens of other entries defendant challenged as "redundant billing." Defendant's itemized objections do not provide further explanation or connect those line items to the supposed redundancies, and no additional double-billing problems are apparent.

Plaintiffs also improperly seek fees for routine clerical work. Routine clerical work such as indexing, filing, assembling, scanning, and mailing is "not properly billed as attorney fees"; instead, these costs are "overhead expenses absorbed by counsel." *Id.* at 1251. Some organizational work requires an understanding of the material to be organized and is appropriately assigned to a paralegal. However, plaintiffs here billed the paralegal rate of $60 an hour for items such as "scanned 1 doc into PDF. named numbered ind[e]xed stamped & filed" and "made copy of 2 docs for file. got envelope ready for mailing." Doc. 58-1 at 4-5. For the vast majority of paralegal line items, it is unclear why an administrative assistant could not have performed some or all of the task. Only 0.3 hours of paralegal time appears clearly connected to a task requiring a paralegal skill set. Accordingly, the Court applies a seventy-five percent reduction to the remaining 22.2 hours of paralegal time. The Court also accepts plaintiffs' concession it improperly billed 1.7 hours of attorney time for clerical tasks and reduces the fee award accordingly.

Defendant next objects to hundreds of plaintiffs' line items on the grounds of block billing, vague billing, and excessive billing. The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). This burden includes the duty to "maintain billing time records in a

PAGE 9 - OPINION AND ORDER

manner that will enable a reviewing court to identify distinct claims." *Id.* Block billing, which "lump[s] together multiple tasks," makes it "more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004)).

There is no evidence of improper block billing here. A review of the billing records does, however, reveal a number of vague entries. These line items bill for emails, telephone calls, or conferences without specifying the subject of the communication. This lack of specificity is in direct contravention of this Court's direction to be specific when billing for these types of activities. *See* U.S. District Court for the District of Oregon, Message from the Court Regarding Fee Petitions (issued Sept. 9, 2011 and last updated Feb. 18, 2016) (cautioning attorneys against billing for communications "with no description of the subject of the conference, the call, or the correspondence"). Because it is impossible to assess the reasonableness of these vague entries, they are disallowed in their entirety.[2]

With respect to excessive billing, the Court makes one major reduction. In their supplemental motion, plaintiffs request compensation for more than twenty-five hours in connection with drafting the reply in support of their initial motion for attorney fees. Although it makes sense drafting the reply would consume more time than drafting the initial petition, as it requires an item-by-item response to defendant's objections, twenty-five hours is not reasonable. First, plaintiffs are not entitled to attorney fees to the extent the fees are attributable to addressing overbilling errors in

---

[2] The disallowed vague entries can be found at lines 33, 76, 96, 97 (partial, 0.8 hours excluded), 121 (partial, 1.8 hours excluded), 127 (partial, 0.5 hours excluded), 135, 138, 159, 160, 162, 163, 164, 166, 167, 182, 183, 211, 241, 281, 283, 311, 331, 332, 348, 392, 416, 420, 422, 423, 424, 425, 426, 470, 471, 472, as well as at supplemental time sheets entries 10, 17, and 19.

PAGE 10 - OPINION AND ORDER

the initial petition, i.e. double-billing conference time and impermissibly billing clerical time. The Court reduces the fee award by two hours of Gower's time to account for this. Second, twenty-five hours is not objectively reasonable for a twenty-three-page brief containing no complex legal research. The Court further reduces the fee award by eight hours of Gower's time to adjust the time billed in connection with the reply brief to a more reasonable fifteen hours. Finally, the Court excludes a small number of additional line items on the ground of excessive billing.[3]

### 3.  *Results Obtained*

Turning to the amount involved in the controversy and the results obtained, I find a further reduction is warranted on the ground of limited success. Although defendant correctly points out plaintiffs abandoned five of their six claims,[4] hours expended on abandoned claims should only be excluded from a fee award if the abandoned claims are "entirely distinct and separate from the claims on which the plaintiff prevailed." *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (citation and quotation marks omitted). All claims here arose from a common set of facts: defendants' conduct after the fire at plaintiffs' property. Thus, complete exclusion of the hours billed in connection to those claims is not warranted.

The abandonment of the five claims is nonetheless a legitimate consideration with respect to the results obtained. Defendant urges the court to reduce the fee award to one-sixth of the amount

---

[3] The additional disallowed entries are line items 35 and 37 (two phone calls, each lasting twenty minutes or more, to set up a time for a conference call), line item 127 (twelve minutes for a phone message to client asking them to contact someone about a meeting), and line item 169 (twelve minutes for "phone tag"). The Court also has excluded .3 hours of Gower's time pursuant to plaintiffs' concession in the supplemental reply brief that time was improperly billed.

[4] In addition to breach of contract, the complaint alleged negligence, negligence per se, fraud, intentional infliction of emotional distress, and respondeat superior.

PAGE 11 - OPINION AND ORDER

sought, as plaintiffs' recovery is attributable only to the breach of contract claim. Such a drastic reduction is not a reasonable reflection of the results obtained. It is clear both from the allegations in the complaint and the limited amount of time spent investigating and litigating the abandoned claims that the primary claim driving this lawsuit always was the breach of contract claim. On the other hand, plaintiffs themselves characterize the results on that main claim as "limited success." To reflect this limited success, the fee award is further reduced by thirty-five percent.

Defendant asks the Court to further reduce the fee award because the requested fee amount is significantly larger than plaintiffs' recovery. The initial and supplemental fee requests together are about two and half times the size of plaintiffs' recovery. After reducing the fee award as outlined above, the fee award is twenty-eight percent larger than plaintiffs' recovery. Defendant argues an appropriate fee award should approximate a typical contingency fee arrangement and should not exceed about one-third of the recovery amount.

Although the "amount involved in the controversy and the results obtained" are one consideration in determining the reasonableness of a fee award, the Oregon Court of Appeals has expressly declined to "hold that an attorney fee award becomes unreasonable as a matter of law when it exceeds a plaintiff's recovery by a certain amount." *See Strawn v. Farmers Ins. Co. of Or.*, 209 P.3d 357, 378 (Or. Ct. App. 2009) (holding a fee award twenty times greater than the recovery was not per se unreasonable), *rev'd on other grounds*, *Strawn v. Farmers Ins. Co. of Or.*, 258 P.3d 1199 (Or. 2011). The relationship between the size of plaintiffs' recovery and the size of the fee award is simply one part of the holistic reasonableness analysis.

Statutory fees are designed to incentivize lawyers to take cases where typical fee arrangements might not convince them to do so. *See Strawn v. Farmers Ins. Co. of Or.*, 297 P.3d

439, 445 (Or. 2013) (noting, in a case involving the same attorney fees provision at issue here, "many statutory fee provisions" aim "to encourage private enforcement of the statutory substantive rights" when enforcing those rights otherwise "may result in . . . very low monetary recoveries") (citations and quotation marks omitted). I find a fee award twenty-eight percent larger than the recovery amount is reasonable in light of the Oregon Legislature's determination statutory fees are warranted in cases like this and under the particular circumstances presented here.

In sum, plaintiffs' initial and supplemental requests for attorney fees in the amount of $116,169.87 are reduced as follows:

1. 14.93 hours are excluded for duplicative conference billing, pursuant to plaintiffs' concession;

2. 18.85 hours are excluded for improperly billed clerical work, a combination of plaintiffs' conceded reductions and court-imposed reductions;

3. 29.98 hours are excluded on grounds of vagueness or excessive billing;

4. Gower's hourly rate is reduced to $150;

5. Braun's hourly rate is reduced to $160; and

6. A thirty-five percent reduction is applied to reflect plaintiffs' limited success.

These reductions result in a total fee award of $61,786.35. I find this award to be reasonable compared to plaintiffs' recovery of $48,097.02 and in light of all relevant statutory considerations.

II.  *Other Issues*

    A.  *Costs and Prejudgment Interest*

Plaintiffs seek $2,858.70 in costs and $2,854.79 in prejudgment interest. Defendant has not challenged costs or prejudgment interest and I find both amounts to be justified.

PAGE 13 - OPINION AND ORDER

    B.    *Motion to Strike*

Defendant moves to strike all references to offers to settle, relying on Federal Rule of Evidence 408, which makes evidence offers to settle or compromise inadmissible to prove liability. Fed. R. Evid. 408. Plaintiffs did not attempt to use defendant's settlement offers to prove of liability; they offered them in support of their arguments regarding the reasonableness of defendant's conduct in this litigation. Rule 408 does not prevent them from doing so. *See A.D. Cal. Highway Patrol*, 712 F.3d 446, 460-61 (9th Cir. 2013) ("Federal Rule of Evidence 408 does not bar district courts in the Ninth Circuit from considering amounts discussed in settlement negotiations as evidence of the extent of the plaintiff's success."); *cf. In re Marriage of Bidwell*, 21 P.3d 161, 163 (Or. Ct. App. 2001) (Oregon Rule of Evidence 408, which is based on the parallel federal rule, did not bar use of evidence of settlement negotiations for the purpose of addressing objective reasonableness of claims under Or. Rev. Stat. § 20.075(1)(e) & (f)). Defendant's motion to strike is denied.

## CONCLUSION

Plaintiffs' Motion for Attorney Fees, Cost Bill, and Prejudgment Interest Statement (doc. 51) and Supplemental Motion for Attorney Fees (doc. 63) are GRANTED IN PART and DENIED IN PART. Plaintiffs are awarded $67,499.84, broken down as follows: $61,786.35 in attorney fees; $2,858.70 in costs; and $2,854.79 in prejudgment interest. Defendant's Motion to Strike is DENIED.

IT IS SO ORDERED.

Dated this 17th day of March 2016.

                                      Ann Aiken
                             United States District Judge